NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

12-1018

STATE OF LOUISIANA

VERSUS

GERALD NEAL BABINEAUX

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 98-K-0219-B
HONORABLE ELLIS J. DAIGLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

OSWALD A. DECUIR
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and Phyllis M. Keaty, Judges.

> **APPEAL DISMISSED. THE DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS OF THE DATE OF THIS OPINION.**

Earl B. Taylor
District Attorney - 27th JDC
P. O. Box 750
Opelousas, LA 70571
(337) 948-3041
COUNSEL FOR APPELLEE:
        State of Louisiana

Thomas J. Thompson
Attorney at Law
8558 Sligo Road
St. Francisville, LA  70775
COUNSEL FOR APPELLANT
        Gerald Neal Babineaux

**Decuir, Judge.**

On February 25, 1999, the Defendant, Gerald Neal Babineaux, was convicted of manslaughter, and on May 17, 1999, he was sentenced to forty years at hard labor. On June 27, 2011, the Defendant filed an application for post-conviction relief which was denied on August 8, 2012.

On August 20, 2012, the Defendant filed a "Notice of Intent to Appeal Court's Decision and Request for Transcript and a Return Date." An appeal was granted that day and was subsequently lodged with this court August 31, 2012. On September 7, 2012, this court issued an order requiring the Defendant to show cause why the appeal should not be dismissed as the judgment at issue is not an appealable judgment. The Defendant responded, acknowledging that the matter is not appealable. He requested that this court treat the matter as a writ of review and remand the case for a full evidentiary hearing in the trial court.

The judgment at issue is not appealable. *See* La.Code Crim.P. art. 930.6. Accordingly, we hereby dismiss the Defendant's appeal. The Defendant may seek supervisory writs within thirty (30) days of the date of this decision. The Defendant is not required to file a notice of intent to seek writs, nor must he obtain an order from the trial court setting a return date, as is generally required by Uniform Rules—Courts of Appeal, Rule 4-3. We construe the motion for appeal as a timely-filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. THE DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS OF THE DATE OF THIS OPINION.**